IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH LOCKAMY | § | |
| v. | § | CIVIL ACTION NO. 5:08cv150 |
| CHEQUITA DUNBAR, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Kenneth Lockamy, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lockamy complained that: he was the victim of retaliation; he is being denied access to court and to legal materials, including research materials and supplies; he is being denied outgoing mail privileges, including religious mail that he wanted to send to his grandmother; and his outgoing legal mail was opened outside of his presence on at least one occasion. The Magistrate Judge ordered the Defendants to answer the lawsuit, and the parties have filed motions for summary judgment.

After review of the pleadings, the Magistrate Judge issued a Report on October 6, 2009, recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed. Lockamy filed objections to the Report on October 19, 2009, raising twelve separate grounds.

1

I. Tampering with TDCJ Records

The first contention raised by Lockamy is he has evidence that the Defendants have been tampering with TDCJ records. However, Lockamy does not provide any such evidence or say what it might be. This objection is without merit.

II. No deadline to respond to the motion for summary judgment

Second, Lockamy complains that he was never given a deadline in which to respond to the Defendants' motion for summary judgment. The docket of this cause shows that the Defendants' motion for summary judgment was filed on August 27, 2009, and that Lockamy filed a twenty-four page "partial response" on September 28, 2009. The Report of the Magistrate Judge was issued on October 6, 2009, forty days later. The Local Rules of the Eastern District of Texas provide that parties opposing a motion have twelve days in which to respond to that motion. *See* Local Rules of Court, Rule 7(e). Lockamy had ample time in which to respond to the motion, and the fact that a specific deadline was not set out by court order does not show a valid basis for setting aside the Report of the Magistrate Judge, particularly given the fact that the Local Rules of Court set out a deadline in which to respond. This objection is without merit.

III. Motion filed with "undisclosed evidence."

Lockamy asserts that the motion for summary judgment was filed "wholly with undisclosed evidence." He does not dispute that the Defendants' motion included some 300 pages of documents, which were thus effectively disclosed to him. This objection is without merit.

IV. No pretrial discovery allowed

Lockamy argues that the Report was issued before he had any chance to conduct any type of pre-trial discovery, and that all that has been done is initial disclosures from the Defendants. The discovery plan in effect for this case provided that all information relevant to the claims or defenses of any party must be disclosed, and that no further discovery would be allowed except on further order of the Court. Lockamy has not shown what information was missing from the discovery which

he received, nor how failing to receive the information harmed the presentation of his case. *See* Decker v. Dunbar, slip op. no. 09-40252 (5th Cir., December 21, 2009) (not selected for publication in the Federal Reporter (available on WESTLAW at 2009 WL 5095139) (rejecting complaint that the district court erred by limiting discovery).

Federal Rules of Civil Procedure 56(f) allows a plaintiff to request a continuance to conduct discovery if necessary to withstand a motion for summary judgment. However, the plaintiff is not automatically entitled to a continuance, but must specify the factual allegations which discovery will assist him in proving. Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). The Fifth Circuit explained that to obtain a Rule 56(f) continuance, the non-movant must present specific facts explaining his inability to make a substantive response and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of a lack of a genuine issue of material fact. Washington, 901 F.2d at 1285. Significantly, the court noted that the non-movant may not simply rely on vague assertions that discovery will produce needed but unspecified facts.

In this case, discovery was governed by the Court's discovery plan, set out in the Order to Answer, which required the parties to disclose all information relevant to the claims or defenses of any party. Lockamy has not shown how postponement of a ruling on the motion for summary judgment would enable him to rebut the motion for summary judgment filed by the Defendants. He asserted that the Defendants had "falsified records" relating to his receipt of legal supplies, but the Magistrate Judge's recommendation regarding this claim was not based on the records furnished by the Defendants. The recommendation was based on the fact that Lockamy had not shown harm, as required by the Supreme Court and the Fifth Circuit, sufficient to raise the alleged denial of supplies to the level of a constitutional violation. Lockamy's vague assertions that discovery will be able to produce unspecified facts which would be relevant to the Defendants' motion for summary judgment or to his response thereto are not sufficient to entitle him to a Rule 56(f) continuance, nor do they show any basis upon which to set aside the Report of the Magistrate Judge.

V. Denial of access to court

Lockamy objects to the Magistrate Judge's recommended determination that he was not denied access to court. He says that between August 7, 2008, and December 9, 2009, he will have been placed on restricted access to legal texts three times, for a total of fourteen out of the eighteen months. He says that this will have been done solely because he has been trying to send to the unit grievance officers, and to the Court, evidence of the unusable copies of case citations which he received. Lockamy claims to get issued "bogus case citations" from the law library and then punished when he tries to present them to a higher authority instead of returning them. He complains that the Magistrate Judge does not address these exhibits as evidence. Lockamy contends that the mere fact that he is issued "bogus case citations" is itself evidence of retaliation.

As the Magistrate Judge correctly determined, Lockamy by his own admission was placed on legal materials restrictions because he refused to return copies of cases which were provided to him by the unit law library officers. Lockamy stated in one of these instances that he lied to the officers who came to retrieve the case, telling them that it had been "destroyed in a flood" when in fact he had held on the copy to use as "evidence." Lockamy has failed to show a constitutional violation for being placed on restrictions for refusing to return materials belonging to the law library. His objection on this point is without merit.

VI. Denial of access to court - harm

With regard to the Magistrate Judge's proposed conclusion that he has not been harmed as a result of the alleged denials of access to the law library, Lockamy says that his two lawsuits in the Northern District of Texas are still pending, and that motions for summary judgment and for default judgment in those cases are still undecided. He poses the question of whether he is supposed to stop litigating his cases half-way through because the Defendants have blocked access to legal materials, and asks what would happen if the present lawsuit is dismissed, and then his two Northern District cases later get dismissed because of a technicality as a result of his inability to do research. Lockamy says that Lewis v. Casey did not address the issue of current, on-going litigation, and asserts that

injunctive relief is appropriate where "actual or imminent injury" could occur. The Magistrate Judge correctly applied Lewis and its requirement of actual harm, and correctly determined that Lockamy failed to show such harm. Lockamy's objection on this point is without merit.

VII. Denial of indigent supplies

In his seventh objection, Lockamy says that he has already shown in his motion for summary judgment that the denial of indigent supplies caused him harm, because he had to completely re-file one of his lawsuits in the Northern District after the defendants did not provide him with a separate envelope and trust fund balance sheet. As a result, Lockamy said, he had to file two lawsuits in one envelope, and the Clerk of the Northern District of Texas thought that it was only one case rather than "two filed in one envelope." As the Magistrate Judge observed, however, Lockamy was able to get both of his cases filed in the Northern District, and these cases are still pending. Furthermore, court records show that Lockamy has been able to file numerous pleadings and motions in both of his lawsuits which are pending in the Northern District. Thus, the Magistrate Judge properly concluded that Lockamy failed to show harm as a result of the alleged denials of legal supplies. His objection on this ground is without merit.

An exhibit to Lockamy's objections relates to his placement on legal materials restrictions on November 8, 2008, which is after his lawsuit was filed. Lockamy says that these documents show that he was placed on restrictions for items which he was never given. However, in the grievances which he attaches to this exhibit, he makes clear that he told prison officials that he had refused to return a case copy because he was keeping it as evidence. The response to the Step One grievance says that he was placed on restrictions because he refused to return legal materials delivered to him. Having stated that he refused to return legal materials, Lockamy does not explain how being placed on restrictions for refusing to return legal materials amounts to retaliation. His objection on this ground is without merit.

VIII. Opening sealed legal mail

Lockamy contends that on August 13, 2009, he sent a pleading in the present case to the unit law library for postage and mailing to the Court, but that it never reached the Court, nor was it returned to him. He concedes that records show that it was mailed. Lockamy also states that the pleading at docket no. 56 in this case represents a re-filing of this motion. Lockamy offers nothing to show that "sealed legal mail" had been opened by law library personnel, nor that the Magistrate Judge's Report was in error by recommending that such a claim be dismissed. *See* Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993), *citing* Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), *cert. denied* 112 U.S. 2974 (1992) (inmate complaining of tampering with legal mail must show that his legal position has been harmed by the alleged tampering); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). Lockamy's objection on this point is without merit.

IX. Restrictions on outgoing mail

Lockamy complains that the Magistrate Judge recommended that his claims regarding outgoing mail, and the supposedly "frivolous" restrictions placed on it, be dismissed. He insists that an article which he cut out of a magazine was not "contraband," saying that the rule cited by the Magistrate Judge regarding contraband (items altered from their original condition) does not concern outgoing mail, but only items in an inmate's possession, such as a fan which has been modified to operate a tattoo gun. He says that if the "altered from the original condition" rule applied to outgoing correspondence, then all items mailed would be contraband, because the paper written on would have been "altered from its original form" of being blank. Instead, Lockamy says, items in outgoing mail are considered "contraband" if they represent a threat to the safety and security of the institution, which his clippings from a religious magazine did not.

However, Lockamy immediately then concedes that the only reason that the clippings were denied was because they had been torn out of the magazine, and that he could have mailed the entire magazine but not two pages torn out of it. He has not shown that the Magistrate Judge's Report was in error in this regard, and his objection on this point is without merit.

Similarly, Lockamy complained about the refusal to mail a Christmas card which he had made. As the Magistrate Judge noted, Lockamy says that he made the card by tearing off the back covers of three copies of a Federal Bureau of Prisons publication, but argues that this did not represent a threat to the safety and security of the institution and so should not have been denied postage. The torn-off back covers of a Federal Bureau of Prisons publication are obviously contraband, and as the Magistrate Judge said, prisoners have no constitutional right to possess contraband. *See* Bryant v. Muth, 994 F.2d 1082 (4th Cir. 1994); Weaver v. Toombs, 756 F.Supp. 335 (W.D.Mich. 1989). Lockamy's objection on this ground is without merit.

X. Appeals Process for Denied Correspondence

Although Lockamy complained about the alleged lack of an appeals process for denied correspondence, the Magistrate Judge properly concluded that TDCJ allowed appeals through the Directors Review Committee, and that Lockamy could and did file grievances as well. The Magistrate Judge correctly determined that an appeals process sufficient to protect Lockamy's rights existed. For this reason alone, Lockamy's objection on this point is without merit.

In addition, Lockamy has not shown a constitutional violation even if in fact no appeal process existed. The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). A number of other courts have held that inmate grievance procedures are not constitutionally required, and so violations of such procedures do not deprive inmates of constitutionally protected rights. Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. 1986), *citing* O'Bryan v. County of Saginaw, 437 F.Supp. 582 (E.D. Mich. 1977); *see also* Azeez v. DeRobertis, 568 F.Supp. 8 (N.D. Ill. 1982). In Mann v. Adams, 855 F.2d 639 (9th Cir.), *cert. denied* 109 S.Ct. 242 (1988), the Ninth Circuit Court of Appeals noted that inmates have no legitimate claim of entitlement to a grievance procedure, and thus no protected liberty interest exists. This position was also taken by the Eighth Circuit in Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Because Lockamy has no constitutionally

7

protected liberty interest in having an appeals procedure, he has not shown a constitutional violation even assuming that no such procedure exists. His objection on this point is without merit.

XI. Retaliation

The Magistrate Judge concluded that Lockamy's retaliation claims lacked merit. In his objections, Lockamy says that he has "clearly set forth" a retaliatory motive and has also provided documentary evidence of this. He claims that but for a retaliatory motive, the Defendants would not have: (1) given him a copy of the Lewis v. Casey case with some fifteen pages not copied; (2) given him other copies of cases which were in error and then punished him for keeping something he did not even have; (3) refused him indigent mailing supplies 86 out of 126 times between July 28, 2008, and September 8, 2009; (4) falsified records of these supplies; (5) imposed "multiple frivolous restrictions" on outgoing mail; (6) given him a disciplinary case for trying to send a child a Christmas card (which card was made from the torn-up covers of three Federal Bureau of Prisons handbooks; (7) "somehow intercepted pleadings" to the Court on August 13, 2009; (8) followed proper procedure and allowed him an appeal to the Director's Review Committee; and (9) "engaged in such oppressive behavior."

Lockamy denies that the acts of retaliation were "*de minimis*," as the Magistrate Judge wrote, and insists that he was punished for "attempting to use the grievance process" rather than for refusing to return the case copies. He also says that the "overt campaign of retaliation" has created "atypical and significant hardships," indicating that he has had to take "extraordinary measures" to circumvent the Defendants' actions.

These objections simply re-state Lockamy's allegations, pointing to all of the circumstances which he says happened to him as proof of retaliation. He notes that he has been placed on legal materials restrictions three times, but concedes that each time, he failed to return copies of cases which he had received from the law library. Although Lockamy says that he wanted to keep the copies for use as "evidence," this does not show that the punishment imposed upon him was retaliatory.

The Fifth Circuit has cautioned as follows:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The court went on to explain that district courts must "carefully scrutinize" claims of retaliation in order to ensure that prisoners do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves." Woods, 60 F.3d at 1166; *accord*, Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (noting that "while a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform."). As the Eighth Circuit explained, any other rule would allow a prisoner to openly flout prison regulations after filing a grievance and then bring a claim under § 1983 arguing that prison officials disciplined him in retaliation for filing a grievance. Orebaugh, 910 F.3d at 528.

In this case, Lockamy cannot flout prison regulations by refusing to return copies of cases from the prison law library and then claim that he was the victim of retaliation when he is punished for his actions. Nor has he shown retaliatory intent in the fact that he did not receive all of the supplies or mail privileges which he thought appropriate. Instead, Lockamy's claim is based on his own personal belief that he has been the victim of retaliation, which the Fifth Circuit has held is insufficient. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Lockamy's objections to the Magistrate Judge's Report with respect to his retaliation claims are without merit.

XII. Qualified Immunity

In the Report and Recommendation, the Magistrate Judge set out the law on qualified immunity and concluded that Lockamy had failed to meet his burden of overcoming this defense. Lockamy briefly addresses this issue in his objections, saying that he cannot overcome the burden by resting on the allegations of the pleadings alone and that he requires additional discovery in order to respond. He states several times in his objections that he has been unable to obtain the discovery

which he needs. As noted above, Lockamy has not shown what information was missing from the discovery which he received, nor how failing to receive the information harmed the presentation of his case. He has failed to meet the burden of overcoming the defense of qualified immunity.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and supplemental complaints, the motions for summary judgment filed by the parties, the responses by the parties filed thereto, the competent summary judgment evidence, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for extension of time (docket no. 49) and motion for leave to file their motion for summary judgment out of time (docket no. 50) are GRANTED and that the Defendants' motion for summary judgment (docket no. 51) is GRANTED in all respects, including the invocation of the defense of qualified immunity. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all other motions which may be pending in this action, including the Plaintiff's motion for summary judgment (docket no. 42) are hereby DENIED.

SIGNED this 28th day of January, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE